# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ANTHONY KEVIN COLLINS,

                Plaintiff,

vs.                                Case No.  3:15-cv-871-J-34JRK

RYAN YAX, in his individual and official
capacity of Pride Enterprises, JANET
HIGGINS-WESTON, in her individual and
official capacity of Pride Enterprises, and
PRISON REHABILITATION INDUSTRY &
DIVERSIFIED ENTERPRISES, INC.

                Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

This cause is before the Court on Plaintiff's Affidavit of Indigency (Doc. No. 2), filed

July 14, 2015, that the Court construes as a Motion for Leave to Proceed In Forma Pauperis

("Motion").  On the same date, Plaintiff also filed a "Civil Rights Complaint Form"

(Doc. No. 1; "Complaint").  On initial review, the Complaint appeared subject to dismissal.

Accordingly, on October 6, 2015, the undersigned entered an Order (Doc. No. 4) taking the

Motion under advisement and directing Plaintiff to file an amended complaint, which Plaintiff

then filed on November 2, 2015.  See Am. Comp. (Doc. No. 5).  Because the Amended

Complaint suffers from the same deficiencies as did the original Complaint, the undersigned

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy." Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

recommends that the Motion be denied and the Amended Complaint be dismissed without prejudice.

Plaintiff, a pro se prisoner,[2] brings a cause of action against Defendants based on work he performed for Prison Rehabilitative Industries and Diversified Enterprises, Inc. ("PRIDE"). See generally Am. Compl. Plaintiff's initial Complaint claimed that as a prisoner working for Defendants to produce goods for interstate commerce, Plaintiff was entitled under state and federal law to receive a prevailing or minimum wage based on "[t]he [p]rovisions of the [Prison Industry Enhancement Program]," by which Plaintiff appeared to refer in part to 18 U.S.C. § 1761. See generally Compl. The undersigned pointed out in the October 6, 2015 Order that, as this Court had already determined in a different case, no cause of action is available under 18 U.S.C. § 1761, nor could the statute be enforced by using 42 U.S.C. § 1983. See Order (Doc. No. 4) at 4-5 (citing Collier v. Jackson, No. 309-CV-935-J-34MCR, 2010 WL 326079, at *2-3 (M.D. Fla. Jan. 21, 2010) (unpublished)). The undersigned also noted that prisoners working for PRIDE, a state instrumentality, "are not covered by the [FLSA] and are not entitled to receive federal minimum wage for their labor." Id. at 5 (quoting Gambetta v. Prison Rehab. Indus. & Diversified Enters., Inc., 112 F.3d 1119, 1125 (11th Cir.1997)). Furthermore, to the extent that Plaintiff sought to certify a class of similarly situated prisoners, the undersigned stated that this "is not possible because Plaintiff cannot represent other prisoners." Id. (citing Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011) (unpublished)).

---

[2]     Plaintiff is currently incarcerated at the Union Correctional Work Camp in Raiford, Florida.

In the Amended Complaint, Plaintiff claims that by failing to pay wages required by section 946.523(1)(i) of the Florida Statutes[3] and paid to others similarly situated in the PRIDE program, Defendants have violated his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.  Am. Compl. at 5.  As in the initial Complaint, Plaintiff also wishes to certify a class of similarly situated inmate workers, and he seeks on behalf of the class all unpaid wages, as well as punitive damages.  Id. at 7.

With respect to Plaintiff's Motion, a court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of costs, fees, or security. 28 U.S.C. § 1915.  The Court's decision to grant in forma pauperis status is discretionary. See Pace v. Evans, 709 F.2d 1428, 1429 (11th Cir. 1983); Lane v. Fort Walton Beach Hous. Auth., 518 F. App'x 904, 915 n.11 (11th Cir. 2013) (citation omitted).  While a litigant need not show he or she is "absolutely destitute" to qualify for pauper status under § 1915, a litigant does need to show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents."  Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1307 (11th Cir. 2004); see also Lane, 518 F. App'x at 915 (citation omitted). Here, it appears from the Motion that Plaintiff may be financially unable to pay the filing fee.

A court receiving an application to proceed in forma pauperis, however, must dismiss the case sua sponte if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

---

[3]     Section 946.523, the Florida law governing prison industry enhancement ("PIE") programs, does not clearly establish for prisoners a distinct entitlement to certain wages.  Instead, the statute provides that contracts authorized under PIE programs "must be in compliance with federal law governing inmate work programs," and it states that one of the program's "purposes and goals" is to "[p]rovide for the payment of state and federal taxes on an inmate's wages, which are paid at the rate of the prevailing or minimum wage rate."  Fla. Stat. § 946.523(1).

defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  "[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)).  Nevertheless, a court is under no duty to "re-write" a plaintiff's complaint to find a claim. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

With respect to frivolity, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." Neitzke v. Williams, 490 U.S. 319, 324 (1989).  A complaint filed in forma pauperis that fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure ("Rule(s)"), is not automatically frivolous. Id. at 328.  Instead, a court will dismiss a claim based on frivolity pursuant to § 1915 when the claim lacks arguable merit in either law or fact. Id. at 325; Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1315 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).  Accordingly, § 1915 requires dismissal when: (1) the legal theories advanced are "indisputably meritless," Nietzke, 490 U.S. at 327; (2) the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 32 (1992); or (3) when it appears that the plaintiff has little or no chance of success, Bilal, 251 F.3d at 1349 (citation omitted).

With respect to whether a complaint "fails to state a claim on which relief may be granted," § 1915(e)(2)(B)(ii) mirrors the language of Rule 12(b)(6), so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba, 517 F.3d at 1252 (citation omitted).  "To survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  Id. (quotation and citation omitted).  Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683-84 (11th Cir. 2001) (internal quotation and citation omitted).

Absent allegations of discrimination based on race, national origin, gender, or another protected class, stating a § 1983 claim based on violations of the Equal Protection Clause requires a claimant to allege that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Leib v. Hillsborough Cnty. Pub. Transp. Comm'n, 558 F.3d 1301, 1306 (11th Cir. 2009) (citation omitted).[4]

Here, Plaintiff does not allege discrimination of a protected class.  Instead, Plaintiff's allegations of discriminatory wages appear to concern workers involved in different jobs. First, Plaintiff alleges that Defendants pay a lower wage to workers like him in the "cold storage" food processing program than to workers "directly across the street" in the "dental lab." Am. Compl. at 6-7 (some capitalization omitted).  Second, Plaintiff alleges that "since the filing of this action," Defendants have started to pay a higher wage to the cold

---

[4]      An Equal Protection claim not based on membership in a class or group is considered a "class of one" claim, even if a claimant alleges discrimination of more than one person.  See Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).

storage workers who work "on what's called 'The PIE Line'" than the wage paid to other cold storage workers.  Id. at 8 (some capitalization omitted).  Despite the Amended Complaint's assertion to the contrary, these allegations do not show that the workers earning different wages are "similarly situated" in relevant respects.  See Green Cedar, LLC v. Clay Cnty., Fla., No. 3:11-cv-526-J-37TEM, 2012 WL 394657, at *11 (M.D. Fla. Feb. 7, 2012) (unpublished) (stating that claimants "must first establish 'similarly situated' comparators that are 'prima facie identical in all relevant respects'") (quoting Griffin Indus. v. Irvin, 496 F.3d 1189, 1203 (11th Cir. 2007)).  Even if they are all prisoners in the PRIDE program, their involvement in different work activities is an important difference regarding the wages they are paid.  Furthermore, there is clearly a rational basis for paying different wages for different types of work.  Plaintiff's allegations fail to support a cognizable Equal Protection claim.[5]

As to Plaintiff's request to bring a class action on behalf of similarly situated prisoners, this is not possible because Plaintiff cannot represent other prisoners.  See Bass v. Benton, 408 F. App'x 298, 299 (11th Cir. 2011) (unpublished) (citing Massimo v. Henderson, 468 F.2d 1209, 1210 (5th Cir. 1972)).

For the foregoing reasons, Plaintiff's case is appropriately dismissed for failing to state a viable claim.  See 28 U.S.C. § 1915(e)(2)(B).  Accordingly, it is

**RECOMMENDED THAT**:

1.      The Affidavit of Indigency (Doc. No. 2), construed as a Motion to Proceed In Forma Pauperis, be **DENIED**.

---

[5]      Plaintiff also asserts in the Amended Complaint that the wage required by state and federal law to be paid to prisoners is a "clearly established" right.  Am. Compl. at 5-6.  Whether a right is clearly established is a question relevant to the issue of immunity, which the undersigned need not address here.

2.      This case be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

3.      The Clerk be directed to terminate all pending motions and to close the file

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on November 17, 2015.


_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge


clr
Copies to:

Pro se Party

The Honorable Marcia Morales Howard
United States District Judge